AO 245E (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
Sheet 1

# UNITED STATES DISTRICT COURT

District of **Rhode Island**

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Organizational Defendants) |
| Aloisio Group, LLC dba QSPS Housing Solutions and Classic Express Cafe | CASE NUMBER: 1:21Cr00027-02MSM |
| | R. Corrente, J. Whelan and C. Dawson |
| | Defendant Organization's Attorney |

**THE DEFENDANT ORGANIZATION:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☒ was found guilty on count(s)  1 of the Superceding Indictment
after a plea of not guilty.

The organizational defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 1349 | Conspiracy to Commit Bank Fraud and Wire Fraud | 10/30/2017 | 1 |

The defendant organization is sentenced as provided in pages 2 through __6__ of this judgment.

☐ The defendant organization has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant organization must notify the United States attorney for this district within 30 days of any change of name, principal business address, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant organization must notify the court and United States attorney of material changes in economic circumstances.

Defendant Organization's Federal Employer I.D. No.: 26-3374605

Defendant Organization's Principal Business Address:
1208 Atwood Avenue
Johnston, RI 02919

6/9/2025
Date of Imposition of Judgment

*/s/ Mary S. McElroy*
Signature of Judge

Mary S. McElroy          District Judge
Name of Judge            Title of Judge

6/10/2025
Date

Defendant Organization's Mailing Address:

AO 245E    (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
          Sheet 2 — Probation

Judgment—Page 2 of 6

DEFENDANT ORGANIZATION: Aloisio Group, LLC dba QSPS Housing Solution
CASE NUMBER: 1:21Cr00027-02MSM

## PROBATION

The defendant organization is hereby sentenced to probation for a term of :
1 year.

The defendant organization shall not commit another federal, state or local crime.

If this judgment imposes a fine or a restitution obligation, it is a condition of probation that the defendant organization pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant organization must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) within thirty days from the date of this judgment, the defendant organization shall designate an official of the organization to act as the organizations's representative and to be the primary contact with the probation officer;
2) the defendant organization shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
3) the defendant organization shall notify the probation officer ten days prior to any change in principal business or mailing address;
4) the defendant organization shall permit a probation officer to visit the organization at any of its operating business sites;
5) the defendant organization shall notify the probation officer within seventy-two hours of any criminal prosecution, major civil litigation, or administrative proceeding against the organization;
6) the defendant organization shall not dissolve, change its name, or change the name under which it does business unless this judgment and all criminal monetary penalties imposed by this court are either fully satisfied or are equally enforceable against the defendant's successors or assignees; and
7) the defendant organization shall not waste, nor without permission of the probation officer, sell, assign, or transfer its assets.

AO 245E  (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
Sheet 2A — Probation

DEFENDANT ORGANIZATION: Aloisio Group, LLC  dba QSPS Housing Solution
CASE NUMBER: 1:21Cr00027-02MSM

Judgment—Page 3 of 6

## ADDITIONAL PROBATION TERMS

1. The organization shall develop and submit to the court an effective compliance and ethics program consistent with §8B2.1. The organization shall include its submission a schedule for implementation of the compliance and ethics program.
2. The organization shall notify the Court and probation officer immediately upon learning of (A) any material adverse change in its business or financial condition or prospects, or (B) the commencement of any bankruptcy proceeding, major civil litigation, criminal prosecution, or administrative proceeding against the organization, or any investigation or formal inquiry by governmental authorities regarding the organization.
3. The organization shall made periodic payments as specified by the probation in the following priority, (A) restitution; (B) fine; (C) or any other monetary sanction.

AO 245E  (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
Sheet 3 — Criminal Monetary Penalties

DEFENDANT ORGANIZATION: Aloisio Group, LLC  dba QSPS Housing Solutions
CASE NUMBER: 1:21Cr00027-02MSM

Judgment — Page 4 of 6

# CRIMINAL MONETARY PENALTIES

The defendant organization must pay the following total criminal monetary penalties under the schedule of payments on Sheet 4.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 400.00 | $ 0.00 | $ |

☑ The determination of restitution is deferred until  7/9/2025 . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant organization shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant organization makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **TOTALS** | $ 0.00 | $ 0.00 |  |

☐ Restitution amount ordered pursuant to plea agreement  $

☐ The defendant organization shall pay interest on restitution or a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 4 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant organization does not have the ability to pay interest, and it is ordered that:

☑ the interest requirement is waived for the   ☑ fine   ☑ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245E    (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
Sheet 4 — Schedule of Payments

DEFENDANT ORGANIZATION: Aloisio Group, LLC  dba QSPS Housing Solution
CASE NUMBER: 1:21Cr00027-02MSM

Judgment — Page 5 of 6

# SCHEDULE OF PAYMENTS

Having assessed the organization's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☑ Lump sum payment of $ 400.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C or ☐ D below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C or ☐ D below); or

**C** ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Special instructions regarding the payment of criminal monetary penalties:

All criminal monetary penalties are made to the clerk of the court.

The defendant organization shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

    1. USA v. Aloisio - CR21-7-01MSM
    2. USA v. Aloisio Group - CR21-27-02MSM
    3. USA v. DiFruscio - CR21-27-03MSM

☐ The defendant organization shall pay the cost of prosecution.

☐ The defendant organization shall pay the following court cost(s):

☑ The defendant organization shall forfeit the defendant organization's interest in the following property to the United States:
    See next page.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245E   (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
         Sheet 4B — Schedule of Payments

DEFENDANT ORGANIZATION:  Aloisio Group, LLC  dba QSPS Housing Solutior
CASE NUMBER:  1:21Cr00027-02MSM

Judgment — Page  6  of  6

## ADDITIONAL FORFEITED PROPERTY

Upon conviction of one or more of the bank fraud, wire fraud, and conspiracy to commit bank and wire fraud offenses alleged in Counts 1-6 of this Indictment, defendants GREGORY ALOISIO, ALOISIO GROUP, LLC, and JOHN DIFRUSCIO, |R., named in the Count of conviction, shall forfeit to the United States of America pursuant to 18 U.S.C. $ 98t(a)(1)(C) and 28 U.S.C. g 2461(c), all right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. SS 1343, 1344, and/ or 1349, and. a sum of money equal to the total amount of proceeds obtained as a result of the offenses If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s), carLnot be located upon the exercise of due diligence, has been kansferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been intent of the United States, pursuant to 21 U.S.C. S 853 (p), as incorporated by 28 U.S.C. g 2461(c), to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property described above 15 commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. S 853(p), as incorporated by 28 U.S.C.g 2461(c), to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property described above. A11 in accordance with 18 U.S.C. S 981(a)(1), as incorporated by 28 U.S.C. $ 2a6L(c), and Rule 32.2(a), Federal Rules of Criminal Procedure.

Upon conviction of the money laundering offense alleged in this Indictment, defendants, GREGORY ALOISIO and JOHN DIFRUSCIO, JR. sha11 forfeit to the United States of America pursuant to 18 U.S.C. S 982(a)(1), all right, title, and interest in any and all money and other property involved in each offense in violation of 18 U.S.C. $ 1956(a)(1)(B)(i), and all property traceable to such property/ and a sum of money equal to the total amount of money involved in each offense, or conspiracy to commit such offense, for which the defendant is convicted. If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s), cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. g 853(p), as incorporated by 18 U.S.C. S 982(b), to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property described above. A1l in accordance with 18 U.S.C. S 982(a)(1), and Rule 32.2(a), Federal Rules of Criminal Procedure.